[Cite as *Johnson v. Cleveland Police Dept.*, 2018-Ohio-1715.]

| | |
|---|---|
| WILLIE JOHNSON | Case No. 2018-00569PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| CLEVELAND POLICE DEPARTMENT | |
| Respondent | |

{¶1} On January 1, 2018, requester Willie Johnson mailed a public records request to the Cleveland Police Department asking for copies of investigatory records related to Case No. CR-01-410922-2A. Neither party alleges that Cleveland PD has responded to this request. On March 16, 2018, Johnson filed a complaint pursuant to R.C. 2743.75 alleging failure to provide access to public records in violation of R.C. 149.43(B). The special master determined that the case should not be referred to mediation, and directed Cleveland PD file its response, which it did on April 25, 2018.

{¶2} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The Public Records Act "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996). Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

{¶3} There is no dispute in this case that Cleveland PD possesses the requested records, that the requests reasonably identify the records sought, and that Cleveland PD failed to respond to Johnson's requests as of the filing the complaint.

**Cleveland PD is a Proper Party Respondent**

{¶4} Cleveland PD asserts that it is not *sui juris* for purposes of this action, citing cases sounding in tort and civil rights, and asks that the complaint be dismissed for failure to state a claim for which relief may be granted. However, the Ohio Public Records Act itself makes Cleveland PD *sui juris.* Under the Act, every "public office" must produce public records upon request. R.C. 149.43(B)(1). A police department is a public office. R.C. 149.011(A); *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 106 Ohio St.3d 70, 2005-Ohio-3807, 831 N.E.2d 987, ¶ 21. Cleveland PD is therefore a proper party respondent in this special statutory proceeding to determine alleged violation of R.C. 149.43(B). R.C. 149.43(C)(1)(a); R.C. 2743.75. I recommend that Cleveland PD's motion to dismiss on this ground be denied.

**Inmate Request for Records of Criminal Prosecution**

{¶5} R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8) (formerly R.C. 149.43(B)(4)) "clearly was drafted to restrict the ability of inmates to obtain what would otherwise be easily obtainable by noninmates." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 15. "The language of the statute is broad and encompassing," and "[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *Id*. at ¶ 14.

{¶6} Cleveland PD avers that Johnson appears to be a person incarcerated as the result of a criminal conviction at the time of his request, that the records request

concerns the criminal investigation and/or prosecution of his criminal case, and that Johnson did not provide the judicial finding required by R.C. 149.43(B)(8) with his request. (Response at 2.) Cleveland PD provides an unsworn copy of a criminal docket sheet supporting Johnson's inmate status and failure to seek a judicial finding. These averments and documentation are consistent with the inferences that may be drawn from Johnson's prison inmate number and correctional institution return address in the complaint, his averments, and his failure to reference any judicial finding in his correspondence or complaint.

{¶7} I find that Cleveland PD has shown by clear and convincing evidence that Johnson was and remains incarcerated for a criminal conviction, and has not complied with the mandatory requirements of R.C. 149.43(B)(8). Accordingly, I find that Cleveland PD is not required to permit Johnson to inspect or copy the withheld records of his criminal investigation or prosecution.

{¶8} I note that public records law does not deny Johnson future opportunities to request these records. First, R.C. 149.43(B)(8) provides that he may seek a finding from the sentencing court at any time that the information requested from the Cleveland PD is necessary to support what appears to be a justiciable claim. Second, upon the termination of Johnson's status as an incarcerated person he may choose to make a new public records request.

**Conclusion**

{¶9} Upon consideration of the pleadings and attachments, I find that Johnson has failed to establish by clear and convincing evidence that Cleveland PD violated R.C. 149.43(B) with respect to his requests for records related to a criminal prosecution. I therefore recommend that the court issue an order denying Johnson's request for production of records.

{¶10} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after*

*receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed April 30, 2018**
**Sent to S.C. Reporter 5/4/18**